UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICHARD DAVET ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF CLEVELAND, et al. ) <br> ) <br> ) <br> Defendants. ) | Case No. 1:03CV1623 <br><br> JUDGE SARA LIOI <br><br> Magistrate Judge George J. Limbert <br><br> **REPORT AND RECOMMENDATION** |

This matter is before the Court upon the motion to revive judgment filed on behalf of Defendant, City of Cleveland on April 11, 2011. ECF Dkt #72. In the motion, Defendant asks the court to "revive the Judgment issued in favor of the City of Cleveland and against Plaintiff, Richard Davet for Seventeen Thousand Three Hundred Eighty Three Dollars ($17,380.00), plus interest at the rate of Ten percent (10.000%) per annum, from May 24, 2005 and costs." Id. Plaintiff, Richard Davet, acting pro se, filed an opposition brief on April 27, 2011. ECF Dkt #73. Pursuant to Fed. R. Civ. P. 72.2(a) and Local Rule 72.2(a), the motion was referred to the undersigned by the Honorable Sarah Lioi on May 5, 2011. ECF Dkt. #74. The undersigned conducted a hearing on the motion on May 24, 2011. Shortly before the hearing, Plaintiff filed a hearing memorandum. ECF Dkt. #76.

In 2003, Defendant condemned and partially demolished a building owned by Plaintiff. Plaintiff filed a lawsuit in state court alleging that the partial demolition constituted constitutional violations of the Takings, Due Process, and Equal Protection Clauses. Defendant filed a counterclaim seeking an injunction compelling Plaintiff to remedy certain code violations or complete the demolition, as well as damages for the cost of the partial demolition. The matter was removed to federal court, and, on May 24, 2005, summary judgment was entered in favor of Defendant and against Plaintiff on Plaintiff's claims and on Defendant's counterclaim. The Sixth

Circuit Court of Appeals affirmed the entry of summary judgment on August 3, 2006.

In Ohio, "[r]evivor of a dormant judgment is a statutory proceeding." *Thomas K. Dillon, M.D., Inc. v. Four Dev. Co.*, 6th Dist. No. L–04–1384, 2005–Ohio–5253, ¶16. R.C. 2329.07(A)(1) addresses the time in which a judgment becomes dormant, providing:

> If neither execution on a judgment rendered in a court of record or certified to the clerk of the court of common pleas in the county in which the judgment was rendered is issued, nor a certificate of judgment for obtaining a lien upon lands and tenements is issued and filed, as provided in sections 2329.02 and 2329.04 of the Revised Code, within five years from the date of the judgment or within five years from the date of the issuance of the last execution thereon or the issuance and filing of the last such certificate, whichever is later, then, unless the judgment is in favor of the state, the judgment shall be dormant and shall not operate as a lien upon the estate of the judgment debtor.

R.C. 2325.15 addresses the procedures set forth for reviving dormant judgments, providing:

> When a judgment, including judgments rendered by a judge of a county court or mayor, a transcript of which has been filed in the court of common pleas for execution, is dormant, or when a finding for money in equitable proceedings remains unpaid in whole or in part, under the order of the court therein made, such judgment may be revived, or such finding made subject to execution as judgments at law are, in the manner prescribed for reviving actions before judgment, or by action in the court in which such judgment was rendered or finding made, or in which transcript of judgment was filed.

R.C. 2325.17 addresses when a judgment can be considered revived and the time frame in which a lien attaches to a judgment debtor's property, once a dormant judgment is revived, providing:

> If sufficient cause is not shown to the contrary, the judgment or finding mentioned in section 2325.15 of the Revised Code shall stand revived, and thereafter may be made to operate as a lien upon the lands and tenements of each judgment debtor for the amount which the court finds to be due and unsatisfied thereon to the same extent and in the same manner as judgments or findings rendered in any other action.

"For the purpose of calculating interest due on a revived judgment, interest shall not accrue and shall not be computed from the date the judgment became dormant to the date the judgment is revived." R.C. 2325.18(B).

At the hearing, Plaintiff argued that the judgment should not be revived because the administrative decision of the Board of Building Standards condemning the building "was rendered after [the partial demolition] was done and is thus void ab initio." ECF Dkt. #76, Hearing memorandum, p. 1. However, Ohio courts have long held that "[i]n a proceeding, in revivor, it is

not competent to relitigate the question involved in the original suit or to collaterally impeach the record and judgment." *Columbus Check Cashers v. Cary*, 10th Dist. No. 10AP-589, 2011-Ohio-1091, ¶19, quoting *Nestlerode v. Foster* (1893), 8 Ohio C.C. 70. "A conditional order of revivor is a revivor of the judgment subject to be defeated by the judgment debtor showing that the judgment has been paid, settled or barred by the statute of limitations, as these are practically the only defenses that can be made to the revivor of a dormant judgment." Id., quoting *Van Nover v. Eshleman* (1911), 14 Ohio C.C. (N.S.) 348, 349. Because Plaintiff challenges the merits of the entry of summary judgment, he has failed to show sufficient cause to prevent the revival of the judgment in this case.

Accordingly, the undersigned recommends that the motion to revive judgment should be granted in part and denied in part. ECF Dkt. #72. The judgment should be revived, however, interest at a rate of ten percent per annum should be awarded from the date of the judgment, May 24, 2005 to May 23, 2010, and from May 23, 2011 until the judgment is satisfied.

Date: May 25, 2011         */s/ George J. Limbert*
                           George J. Limbert
                           U.S. Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time may constitute a WAIVER of the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).