UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD DAVET, | ) | CASE NO.1:03CV1623 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION & |
| CITY OF CLEVELAND, et al., | ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Objection's of *pro se* plaintiff Richard Davet ("Davet") (Doc. 81) to the Magistrate Judge's Report and Recommendation ("R&R") dated may 25, 2011 (Doc. 78), concerning the motion of defendant City of Cleveland (the "City") to revive judgment. (Doc. 72.) The City filed an opposition to Davet's objections. (Doc. 82.) This matter is ripe for determination. The Court has conducted its *de novo* review of the matters raised in the objections. For the reasons set forth below, this Court **OVERRULES** Davet's Objections and **ACCEPTS** the R&R.

**I.     BACKGROUND**

In March 2003, the City condemned and partially demolished a building belonging to Davet. Davet filed suit in the Cuyahoga County Court of Common Pleas against the City and others, asserting that the demolition violated the Takings, the Due Process and the Equal Protection Clauses of the United States Constitution. (Doc. 1-1.) The City filed a counterclaim seeking an injunction to compel Davet to remedy alleged code violations or to complete the demolition and damages in excess of $16,000 for the cost of the partial demolition.

1

On July 31, 2003, the City removed the action to this Court, and on May 24, 2005, the Court granted summary judgment in favor of the City on its counterclaim and against Davet on his claims and awarded $17,380.00 in damages to the City, plus interest at the rate of ten percent (10.00%) per annum, from the date of judgment. (Doc. 64.) On August 3, 2006, the Sixth Circuit Court of Appeals affirmed the grant of summary judgment. *Davet v. City of Cleveland*, 456 F.3d 549 (6th Cir. 2006).

On April 11, 2011, the City filed a motion to revive judgment pursuant to Ohio Rev. Code §§ 2329.07 and 2325.15 *et seq.*, seeking interest from the date of judgment. (Doc. 72.) Davet filed an opposition to the motion and requested a hearing pursuant to Ohio Rev. Code § 2325.17. (Doc. 73.) On May 5, 2011, the Court referred the City's motion to Magistrate Judge George J. Limbert. (Doc. 74.) Davet filed a hearing memorandum, arguing that sufficient cause exists to prohibit revival of the dormant judgment. (Doc. 76.) On May 24, 2011, the Magistrate Judge conducted a hearing on the motion, and on May 25, 201, he issued an R&R recommending that the Court revive the judgment with interest at ten percent per annum from the date of judgment until the judgment is satisfied, excluding the period of dormancy from May 23, 2010 until May 23, 2011.

Davet has filed timely objections to the R&R, arguing that the Magistrate Judge erred as a matter of law by failing to consider whether the prior judgment should be found void under Rule 60(b)(4) of the Federal Rules of Civil procedure due to violations of Davet's due process rights and Ohio law. Davet asserts that a void judgment would be sufficient cause not to revive the dormant judgment.

2

## II.     STANDARD OF REVIEW

The statutory authority of a federal magistrate judge is described in 28 U.S.C. § 636. Section 636 and Fed. R. Civ. P. 72 contemplate a two-pronged procedure whereby matters can be referred to a magistrate for consideration. With respect to non-dispositive matters, the magistrate may hear and resolve the matter by issuance of an order, which may be appealed to the district court. Fed. R. Civ. P. 72(a). Whereas with respect to "dispositive matters," the magistrate may conduct hearings and submit to the judge proposed findings of fact and recommendations of law. Fed. R. Civ. P. 72(b). The Court referred this matter to the Magistrate as a "non-dispositive" matter, but directed the Magistrate to submit an R&R.

Admittedly, post-judgment motions, such as the one at issue here, do not fit neatly within either procedural framework contemplated by § 636 and Rule 72. Local Rule 72.4 provides that, "Appeals from any other decisions and orders of a Magistrate Judge not provided for in these Rules shall be taken as provided by governing statute, rule, or decisional law." Section 636(b)(3) permits the assignment to a magistrate judge of "such additional duties as are not inconsistent with the Constitution and laws of the United States." It has been held that § 636(b)(3) confers on a magistrate judge the authority to dispose of motions to revive judgment. *Sec. Investor Prot. Corp. v. Institutional Sec. of Colo., Inc.*, 37 F. App'x 423, 426 (10th Cir. 2002); *see also, Bache Halsey Stuart Shields Inc. v. Killop*, 589 F. Supp. 390, 393 (E.D. Mich. 1984) (holding disposition by magistrate of post-judgment proceedings is within the "additional duties" clause of § 636). However, it has also been held that, in post-judgment matters, the district judge must retain the ultimate decision-making responsibility. *Gaiters v. City of Catoosa*, 226 F. App'x 826, 829 (10th Cir. 2007) ("We have previously held that a district court may refer

post-judgment matters to a magistrate judge under the "additional duties" provision of 28 U.S.C. § 636(b)(3), so long as the district judge retains the ultimate responsibility for decision making.") (citation omitted). Accordingly, the Court shall conduct a *de novo* review of those portions of the Magistrate Judge's legal conclusions objected to by Davet.

### III. LAW AND ANALYSIS

"Unless a federal statute provides otherwise, the practice relative to revival of dormant judgments is to be governed by state law." *Donellan Jerome, Inc. v. Trylon Metals, Inc.*, 270 F. Supp. 996, 998 (N.D. Ohio 1967) (citations omitted). *See also,* Fed. R. Civ. P. 69(a)(1) ("[P]roceedings supplementary to and in aid of judgment or execution [] must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.") The judgment at issue here was entered in Ohio; therefore, Ohio law applies.

In Ohio, "[r]evivor of a dormant judgment is a statutory proceeding." *Columbus Check Cashers v. Cary*, No. 10AP-589, 2011 WL 825500, at *1 (Ohio Ct. App. March 10, 2011) (citations omitted). Pursuant to Ohio Rev. Code § 2329.07, a dormant judgment is one which is not executed within five years of its issuance. Ohio Rev. Code § 2325.15, which outlines the procedures for reviving a dormant judgment, provides that a dormant judgment may be revived by "action in the court in which such judgment was rendered […]." Thereafter, upon proper notice and a hearing before the court, "[i]f sufficient cause is not shown to the contrary, the judgment […] shall stand revived […]."Ohio Rev. Code § 2325.17.

Davet does not challenge the timeliness of the City's revival request or the jurisdiction of this Court to decide this matter. Nor does he assert that he was deprived of notice

or an opportunity to be heard on the City's motion. Rather, he objects that sufficient cause exists to prevent the revival of the Court's judgment.

"[P]ractically the only defenses that can be made to the reviver of a dormant judgment" are that "the judgment has been paid, settled, or barred by the statute of limitations." *Cary*, 2011 WL 825500 at * 4 (quoting *Van Nover v. Eshelman*, 24 Ohio C.D. 210, 1911 WL 720 (Ohio Cir. Ct. 1911), *aff'd*, 89 Ohio St. 48, 105 N.E. 70 (1913)). "It is well settled law[,] [however][,] that '[w]here the court rendering the judgment had jurisdiction of the parties and subject matter, a defense which could have been set up in the original action cannot be set up in a proceeding to revive the judgment.' " *Akron Gen. Med. Ctr. v. Foutty*, No. 20152, 2001 WL 123466, at *4 (Ohio Ct. App. Feb. 14, 2001) (quoting *Jackson v. Marshall*, 80 Ohio App. 280, 284 (1947)); *McAllister v. Schlemmer & Graber Co.*, 39 Ohio App. 434, 438 (1930). In other words, a judgment creditor cannot "relitigate their defenses to the original trial judgment in order to demonstrate that the original judgment was erroneous." *Id.*

Davet has made no argument that the judgment has been paid, settled, or is barred by the statute of limitations. Instead, Davet's brief in opposition to the City's motion to revive judgment, as well as his hearing brief and objections to the R&R, challenge the validity of the underlying judgment and raise defenses that were raised in the original summary judgment proceedings and again on appeal. This Court and the Sixth Circuit previously rejected plaintiff's arguments, and these defenses cannot be relitigated in these proceedings.[1] *Foutty*, 2001 WL

---

[1] What is more, in so far as Davet seeks a finding that the judgment is not enforceable due to legal error pursuant to Fed. R. Civ. P. 60(b), his challenge to the judgment is untimely. The Sixth Circuit has held that a claim of legal error is subsumed in the category of mistake under Rule 60(b)(1), which must be brought within the normal time for taking an appeal. *Pierce v. United Mine Workers of Am. Welfare & Ret. Fund for 1950 & 1974*, 770 F.2d 449, 451 (6th Cir. 1985). In this case, the time for appeal has long since expired.

123466 at *4. Accordingly, Davet has failed to show sufficient cause to prevent the revival of judgment in this case.

## IV. CONCLUSION

For the reasons set forth above, having conducted a *de novo* review, the Court **OVERRULES** Davet's objections to the R&R and **ACCEPTS** the R&R. The Court **REVIVES** the judgment issued in favor of the City against Davet for $17,380.00, plus interest at the rate of ten percent (10.00%) per annum from the date of judgment, May 24, 2005, to the date the judgment became dormant, May 23, 2010, and from the date of revival, May 23, 2011, until the judgment is satisfied.

**IT IS SO ORDERED**.

Dated: October 7, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**